UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MANNI MUHAMMAD RAHMAN, | ) | CASE NO. 1: 15 CV 233 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| GRAFTON CORRECTIONAL | ) | |
| INSTITUTION STAFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Background

*Pro se* Plaintiff Manni Muhammad Rahman, a state prisoner incarcerated in the Grafton Correctional Institution in Grafton, Ohio ("GCI"), has filed this civil rights action under 42 U.S.C. § 1983, seeking money damages for religious discrimination. The Plaintiff names Warden Bennie Kelly and Deputy Warden Hills as Defendants, in addition to the following members of GCI "staff": Correctional Officers Holzhauer, Grima and Krupa; Sergeant Pletcher; "Mr. Kastler"; and "Mr. Weishar."

The Plaintiff alleges the following facts. On November 5, 2014, the Plaintiff was sent from religious services by the "Imom" [sic] to eat early before evening prayer. He was stopped by Officer Holzhauer, who asked what P.O.D. he was from. The Plaintiff explained that the Imam sent the Muslims to eat dinner before prayer, as he does every Wednesday. Officer Holzhauer allegedly responded:

> It's Not My Fault You Picked The Wrong Religion. Your Imom [sic] Kamal,
> OR Whatever He Is Don't Run NOTHING WE DO! Tell Him the Next Time

>You See Him, That I Said DON'T Be Sending His Jailhouse Muslims Over Here.

Officer Holzhauer then sent the Plaintiff back to his housing unit.

The Plaintiff reported this incident to Sergeant Pletcher, who saw it "as FUNNY." He tried to report it to Lt. Lottman, who did not think it happened. Also, he reported it to Deputy Warden Hills, who told the Plaintiff he was going to do something about it.

On November 7, 2014, the Plaintiff was sitting in the chow hall for about five minutes when Officer Holzhauer approached him and told him to throw away his food. When the Plaintiff asked why, Officer Holzhauer told him that Officer Lottman saw him going through the line twice. The Plaintiff denied this and told Officer Holzhauer he is a Muslim and is not allowed to steal. Officer Holzhauer, however, became angry, asked the Plaintiff whether he was calling them liars and then took the Plaintiff to the front of the chow hall and made him throw away his food. The Plaintiff was then cuffed and sent for disciplinary action. Officer Holzhauer stated as the Plaintiff was being taken away, "ONE Jailhouse Muslim To Go!"[1]

On November 28, 2014, while he was housed in segregation, he asked Officer Grima to escort him to religious services. Officer Grima and Sergeant Pletcher refused this request because the Plaintiff did not have a pass, even though both know knew Deputy Warden Hill and Mr. Weishar "let it be known to the officers" that inmates are allowed to go to religious services without a pass. For instance, the Plaintiff alleges he was permitted to go to religious

---

[1] The Plaintiff alleges he suffered severe "mental breakdowns" as a result of the conduct of GCI Correctional Officers and tried to take his own life on November 10, 2014. He contends the Officers "get away with" punishing him after they make religious statements to him that provoke him into reacting. He further alleges that his grievances and requests for a lawyer have repeatedly been denied, and that thirteen of his family pictures have "turn[ed] up missing" from one of his many trips to segregation.

services without a pass the night before. When the Plaintiff tried to explain this to Sergeant Pletcher and told the Sergeant he had right to go to religious services on his "Religious Right (Day)," Sergeant Pletcher allegedly responded that he didn't care what anybody said or what the day was called and stated, "you AIN'T Going!" The Plaintiff was then taken to segregation for twenty-two days.

One of the officers working in segregation was Officer Krupa, who began telling jokes to try and make other officers laugh. In so doing, Officer Krupa made fun of the Plaintiff's religion by asserting that the reason the Plaintiff could not get along with GCI staff was because "Muslims Say That ALL White People Are The White Devils" while making devil signs with his hands.

**Standard of Review**

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required, under 28 U.S.C. §§1915(e) and 1915A, to screen and dismiss before service any *in forma pauperis* action, and any action brought by a prisoner against a governmental official or employee, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**Analysis**

The Plaintiff's Complaint liberally read alleges plausible civil rights claims under § 1983 against Officers Holzhauer and Grima and Sergeant Pletcher.[2] However, for the reasons stated below, the Plaintiff has failed to allege plausible § 1983 claims against the remaining Defendants.

The Plaintiff's Complaint sets forth no allegations of wrongdoing on the part of Warden Kelly. The Plaintiff appears to premise his action against the Warden solely on the basis of *respondeat superior*. It is well-established, however, that the doctrine of *respondeat superior* may not be used to impute liability onto supervisory personnel under §1983. "In order to find supervisory personnel liable, a plaintiff must allege that the supervisor[] [was] somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the unconstitutional activity of a subordinate." *Wingo v. Tennessee Dep't of Corr.*, Case No. 11-6104, 499 Fed. App'x 453, 2012 WL 3871886, at *2 (6th Cir. Sept. 7, 2012) (citations omitted). The Plaintiff sets forth no such allegations against Warden Kelly.[3]

---

[2] Although "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987). A prisoner demonstrates a violation of this right when he shows that: (1) a belief or practice he seeks to protect is religious within his own "scheme of things," (2) his belief is sincerely held, and (3) the Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224–25 (6th Cir. 1987). In addition, prisoners have a right under the First Amendment to engage in constitutionally-protected activity without retaliation. *See Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). The Plaintiff's allegations are sufficient to suggest plausible claims against Officers Holzhauer and Grima and Sergeant Pletcher under the First Amendment.

[3] There is no liability under § 1983 where a prison official's only involvement was to deny an administrative grievance or fail to intervene on an inmate's behalf. *See Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Accordingly, his Complaint fails to state a plausible claim and must be dismissed against the Warden.

Likewise, the Plaintiff has failed to allege a plausible claim under § 1983 against the Deputy Warden. Like the Warden, the Deputy Warden cannot be held liable on the basis of *respondeat superior*. The only allegations the Plaintiff sets forth in his Complaint as to conduct engaged in by the Deputy Warden are that he (1) said would look into Officer Holzhauer's November 5, 2014 conduct (in refusing to allow the Plaintiff to eat before morning prayer); (2) "let it be known" to Correctional Officers that prisoners were allowed to attend religious services without a pass; and (3) told the Plaintiff "he DID NOT understand HOW" the Plaintiff was sent to segregation after "Sgt. Pletcher said WHAT He Said" to him. These allegations, even viewed in the light most favorable to the Plaintiff, do not support a plausible inference that Deputy Warden Hill engaged in any unconstitutional or discriminatory conduct toward the Plaintiff. To the contrary, the allegations suggest the Deputy Warden engaged in conduct supportive of the Plaintiff's religious rights.

The allegations the Plaintiff sets forth in his Complaint regarding Mr. Kastler and Mr. Weishar also do not support a plausible inference that they engaged in unconstitutional, discriminatory conduct. The Plaintiff alleges that Mr. Weishar (like the Deputy Warden) "told [him] AND Let It Be Known" that inmates are allowed to go to religious services without a pass. He alleges "Mr. Kastler told [him] that Sgt. Pletcher SHOULD NOT have said what he said to [him.]" These allegations are insufficient to establish plausible claims for religious discrimination against Mr. Weishar and Mr. Kastler.

Finally, the Plaintiff has failed to allege a plausible claim against Officer Krupa.

Courts have routinely rejected claims of constitutional violations based solely on verbal harassment, as the Plaintiff alleges against Officer Krupa in his Complaint. *See, e..g, Wingo*, 2012 WL 3871886, at *2 ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief); *Hailes v. Collier*, No. 2:12–cv–687, 2014 WL 2515581, at *5 (S.D. Ohio June 3, 2014) (verbal harassment and minor threats are insufficient to state a claim under § 1983 for the violation of any Constitutional amendment, including the First Amendment's religion clauses).

## Conclusion

For the reasons stated above, the Plaintiff's Complaint fails to state a claim on which relief may be granted and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A against Warden Kelly, Deputy Warden Hills, Officer Krupa, "Mr. Kastler" and "Mr. Weishar." The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

This action shall proceed solely against Officers Holzhauer, Grima, and Sergeant Pletcher. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on these Defendants, and **a copy of this Order shall be included in the documents to be served on these Defendants**.

IT IS SO ORDERED.

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:** July 23, 2015