IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MANNI MUHAMMAD RAHMAN, | ) | CASE NO. 1:15 CV 233 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| GRAFTON CORRECTIONAL | ) | |
| INSTITUTION, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |

Before me by referral[1] in this *pro se* action by inmate Manni Muhammad Rahman brought under 42 U.S.C. § 1983 and alleging religious discrimination by various persons at the Grafton Correctional Institution in Grafton, Ohio[2] is a motion by Rahman for the appointment of counsel.[3] The motion is opposed by the defendants.[4]

In the motion, Rahman contends that appointment of counsel "[a]t this junction in the proceedings" would aid in the disposition of the case by facilitating the conduct of discovery, because a trial "is a virtual certainty at this point."[5] Moreover, Rahman argues that appointment of counsel would make settlement negotiation easier.[6]

---

[1] ECF # 8.

[2] ECF # 1.

[3] ECF # 22.

[4] ECF # 23.

[5] ECF # 22 at 1.

[6] *Id*.

In opposition, the defendants first note that they intend to file a motion for summary judgment in this matter, which they assert makes the present motion for counsel premature in the absence of any finding that a material fact remains for trial.[7] Further, they contend that this case does not now present any exceptional circumstances that would justify the appointment of counsel.[8]

As is well-established, the district court has discretion as to the appointment of counsel in civil cases.[9] In that regard, as the Sixth Circuit has emphasized, appointment of counsel in a civil action is a "privilege justified only by exceptional circumstances."[10] To that point, the Sixth Circuit teaches that courts considering the appointment of counsel in civil cases should consider the complexity of the claims and the ability of the plaintiff to present his claims.[11] Such an evaluation "generally involves a determination of the complexity of the factual and legal issues involved."[12]

Here, Rahman is apparently unable to afford counsel, but the reasons he provides for the appointment of counsel specifically center on facilitating discovery and expediting settlement discussions, rather than any particular complexity of the factual or legal issues of

---

[7]ECF # 23 at 1.

[8]*Id*. (citing *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993)).

[9]*Levado*, 992 F.2d at 604-05 (citations omitted).

[10]*Id*. at 606 (citations omitted).

[11]*Id*. (citations omitted).

[12]*Id*. (internal quotation marks and citation omitted).

the case. As such, Rahman has not shown that "this action is different from most *pro se* prisoner actions that are not exceptional."[13] In fact, and as the defendants here note, any determination now by this Court of what factual or legal issues, if any, may remain in this case following resolution of a motion for summary judgment, or of their complexity, is not possible.

Accordingly, in light of the relevant law set forth above, as applied to the present matter in its present posture, I recommend that Rahman's motion for the appointment of counsel be denied without prejudice.[14]

Dated: July 28, 2016            s/ William H. Baughman, Jr.
United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[15]

---

[13] *Odem v. Mahar,* 2013 WL 5755082, at * 3 (M.D. Tenn. Oct. 22, 2013)(denying motion for appointment of counsel in case of *pro se* pre-trial detainee).

[14] *Id*.

[15] *See Thomas v. Arn*, 474 U.S. 140 (1985); *see*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).